Filed 1/31/22  P. v. Nava CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B303587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA036614) |
| v. | |
| FABIAN NAVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Martin L. Herscovitz, Judge.  Reversed and remanded with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, David C. Chang and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Fabian Nava was charged with the first degree murder of Carlos Mora in a gang-related shooting in 1999. At trial, the prosecution presented evidence showing Mora died after being attacked twice by members of a rival gang to which defendant belonged. During the first attack, several members of the gang severely beat Mora and someone fired a gun at him. Two witnesses identified defendant as a participant in the assault. Following the initial attack, Mora tried to escape but was chased down by a car and shot repeatedly by one of its occupants. Circumstantial evidence showed the same people were responsible for both attacks. The prosecutor primarily relied on the natural and probable consequences doctrine in arguing defendant's guilt, but also argued a theory of direct aiding and abetting.

The jury convicted defendant of first degree murder (Pen. Code, § 187, subd. (a)). It found not true the allegation defendant personally used a firearm (§ 12022.5) but did find the offense was committed on behalf of a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal personally and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subds. (d) & (e)(1)). We affirmed defendant's conviction (*People v. Nava* (July 16, 2002, B151094) [nonpub. opn.]).

In August 2018, defendant filed a petition for writ of habeas corpus asserting he was unlawfully convicted of first degree murder, relying on *People v. Chiu* (2014) 59 Cal.4th 155 which held that first degree murder liability may not be based on the natural and probable consequences doctrine. The prosecution conceded it could not prove beyond a reasonable doubt that the jury relied on a legally valid theory to convict defendant of first

2

degree murder. The trial court granted the petition and reduced defendant's conviction to second degree murder.

That same year, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

While his habeas petition remained pending, defendant filed in propria persona a separate petition for resentencing pursuant to Penal Code section 1170.95. The court found a prima facie case, appointed counsel, and issued an order to show cause. The parties filed briefs and the prosecutor also submitted exhibits from the underlying trial, the jury instructions, excerpts of the reporter's transcripts, and the appellate opinion from defendant's direct appeal. No new evidence was offered by either party at the evidentiary hearing.

The trial court denied defendant's petition, reasoning the jury must have found defendant acted with actual malice as a direct aider and abettor in finding him guilty of first degree murder, and alternatively that there was sufficient evidence demonstrating defendant had acted with actual malice. Defendant filed this appeal.

In our original unpublished decision, we reversed and remanded with directions to the superior court to conduct a new evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3). (*People v. Nava* (Jan. 27, 2021, B303587) [nonpub. opn.].)

Respondent filed a petition for review asking the Supreme Court to grant review and defer briefing because this case raised the same issue then pending before the Court in *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, that is, whether the trial court, during an evidentiary

3

hearing under Penal Code section 1170.95, acts as an independent fact finder or reviews the record for substantial evidence. On April 14, 2021, the Supreme Court granted respondent's petition.

In October 2021, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1170.95, subdivision (d)(3). (Stats. 2021, ch. 551, § 2.)

On December 22, 2021, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775. Having vacated our original decision and reconsidered the issues presented in light of the new legislation, we again reverse and remand with directions to the superior court to issue an order to show cause and conduct a new evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), as amended.

## DISCUSSION

The trial court suggested two bases for denying defendant's petition for resentencing: (1) the jury necessarily convicted defendant under a direct aiding and abetting theory; and (2) there was sufficient evidence in the record supporting defendant's conviction as a direct aider and abettor.

The parties agree, as do we, that the first ground is unsupportable. In reaching its conclusion, the trial court relied on language in CALJIC No. 8.20 providing that "[i]f you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation . . . , it is murder of the first degree." The court reasoned, in light of this instruction, the jury must have concluded defendant acted with the intent to kill when it convicted him of first degree murder.

4

The problem with this reasoning is that CALJIC No. 8.20 does not *require* the jury to find the defendant acted with an intent to kill in order to convict him of first degree murder; rather, it states only that such a finding is sufficient. The instruction, moreover, goes on to state that "[t]o constitute a deliberate and premeditated killing, *the slayer* must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, [he] decides to and does kill." (Italics added.) This reference to "the slayer," rather than "the defendant," permitted the jury to convict defendant of first degree murder under the natural and probable consequences doctrine. (*In re Loza* (2018) 27 Cal.App.5th 797, 805.) Indeed, the trial court apparently reached this same conclusion when it granted defendant's previous petition for habeas corpus and reduced his conviction from first to second degree murder.

As to the trial court's second basis for denying the petition, the record does not establish the court conducted the proper inquiry under the appropriate standard. Although the court's minute order indicates it was "convinced beyond reasonable doubt that the petitioner had express malice when he aided and abetted the murder of Carlos Mora," its oral statements at the hearing suggest it may have applied a substantial evidence standard. In its concluding remarks, for example, the court noted "the evidence supports *[the jury's] decision*" that defendant formed express malice and intended to kill Mora. (Italics added.) Had the court been acting as an independent fact finder, there would have been no reason to reference the jury's decision.

Senate Bill 775, among other things, amended and clarified the procedures governing an evidentiary hearing conducted pursuant to Penal Code section 1170.95, subdivision (d)(3).

5

"[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The new text provides that a prior "finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

The amendments also expand on the consideration of evidence at the hearing, during which both sides may "offer new or additional evidence to meet their respective burdens." (Pen. Code, § 1170.95, subd. (d)(3).) The amended statute provides, in relevant part, that "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (*Ibid.*)

In their supplemental, postremand briefing, the parties agree that remand is appropriate and that a new evidentiary hearing must be conducted in which the trial court acts as an independent fact finder and applies the beyond a reasonable doubt standard of proof in accordance with the amended statutory language.

We agree remand and a new evidentiary hearing is necessary. On remand, the trial court shall conduct a new evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended by Senate Bill 775. At the evidentiary hearing, the trial court shall act as an independent

6

fact finder and apply the beyond a reasonable doubt standard of proof.  (See also *People v. Gentile* (2020) 10 Cal.5th 830, 855 ["section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"].)

Defendant requests we order the trial court, on remand, may not consider the factual summary in the prior opinion from his direct appeal, citing to the new text in Penal Code section 1170.95 providing that the "procedural history" may be considered, but not saying a prior opinion can be considered in its totality.  We decline to issue the order requested by defendant, as this court does not provide advisory opinions on what evidence may be admitted at the hearing; we have said already the hearing shall be held pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill 775, and that is enough.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed.  The case is remanded to the superior court to conduct a new evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended.


GRIMES, Acting P. J.


WE CONCUR:



STRATTON, J.          WILEY, J.


7